# Wightman's Appeal.

A *feme covert* by her trustee purchased real estate, and paid a part of the purchase-money and gave her bond, and the trustee a mortgage for the residue. She also gave a bond and mortgage to M., to secure a debt due for repairs to the premises, upon which a judgment was obtained. Her husband was insol-vent at the time of the purchase, and upon a judgment revived against him the property was sold to W. It was afterwards again levied and sold as the property of the wife, upon the judgment of M., for a sum more than sufficient to pay the mortgage of the vendor, and the surplus was claimed by W., as the purchaser under the judgment against the husband, and by M. under his mortgage and judgment against the wife. Held—

That M. being found to be a *bona fide* mortgagee of the wife, without notice of the secret title alleged to be in the husband, his lien would not be cut off by the subsequent discovery of that fact, and he would be entitled to the fund in preference to the purchaser at sheriff's sale of the husband's title.

APPEAL of John Wightman, from the decree of the Court of .

Common Pleas of *Crawford county*, distributing the proceeds of the sale of the real estate of Margaret Rupp.

In pursuance of an order of the Orphans' Court of said county, Leon C. Magaw, administrator of the estate of William Magaw, deceased, on the 12th of February, 1853, sold the premises to S. Newton Pettis, for $4300, and on the 16th of April, 1853, executed a deed of the property to him, and received in hand from Margaret Rupp $1000, and a mortgage from Mr. Pettis for $3300, the balance of the purchase-money. There was no evidence before the auditor or court to show how or where the money was obtained by Mrs. Rupp, to make the said payment. Jesse Rupp, her husband, was insolvent, and had been so for several years.

On the 18th of April, 1853, S. Newton Pettis conveyed the property to Thomas A. McFarland, the son-in-law of the Rupps, in trust for the sole and separate use of Margaret Rupp, and at the same time Leon C. Magaw, administrator as aforesaid, took a bond signed by Margaret Rupp alone, with a power of attorney to confess judgment against her for the penal sum of $6600, conditioned for the payment of $3300, the balance of the purchase-money due upon the sale of the property to Pettis, at Orphans' Court sale.

The mortgage was entered of record at the time. Jesse Rupp and wife continued to live on the premises and occupy them as a tavern, and put on repairs, and now live on and occupy the place as heretofore.

The mortgage recites the bond of Margaret Rupp.

Among the judgments entered of record in the Court of Common Pleas of Crawford county, against Jesse Rupp, was one in favour of George Berlin, entered to No. 130 of November Term, 1844. *Scire facias* to revive which judgment was issued on the 27th of May, 1854, to No. 47 of August Term, 1854, in the name of Henry Booth, executor of the estate of George Berlin, deceased, and judgment obtained on the 28th of September, 1854, for $840.83. On this judgment writs were issued, after the revival, and the premises levied on, and sold at sheriff's sale as the property of Jesse Rupp, and purchased by Henry Booth, for $1000, to whom the sheriff executed and delivered his deed, dated the 6th day of April, 1855. Henry Booth assigned the deed to John Wightman, the appellant in this case, on the 28th of September, 1855, who brought suit in ejectment against Jesse Rupp, which suit is now pending in the Court of Common Pleas of Crawford county.

Pending the *scire facias* of Henry Booth, and before judgment thereon, Margaret Rupp gave her judgment-bond to John McFarland & Co., for $674.81, which was immediately entered. The senior partner in the firm of McFarland & Co., is John McFar-

land, the father of Thomas A. McFarland, the son-in-law of Jesse and Margaret Rupp.

Judgment was not entered on the bond of Margaret Rupp to Leon C. Magaw, for purchase-money, until after the sale on the judgment of the executor of George Berlin, when it was entered, to wit, on the 9th day of July, 1855.

Upon this judgment *fieri facias* was issued to No. 113 of August Term, 1855, and the premises levied upon. The property was sold on this *fi. fa.*, Mrs. Rupp giving a waiver of inquisition and a condemnation thereon.

Previous to the sale, Wightman offered to pay Leon C. Magaw, the plaintiff in the *fi. fa.*, the whole amount of the balance of the purchase-money due on the sale of the property to Pettis, and gave him notice that he was ready to do so at the time, but Magaw refused to receive the money, and proceeded to sell the property on the *fi. fa.*, and sold the same for the sum of $4401.

In the distribution of the money made from said sale, the following questions were presented for the consideration and determination of the auditor :—

" First, is it claimed on the part of Wightman, who is the assignee of Booth, who was the purchaser at the sheriff's sale for the use of Wightman, of the said property as the property of Jesse Rupp, upon his own judgment against Rupp, that the property was really the property of Jesse Rupp, and the purchase was made by Mrs. Rupp for the purpose of holding the property free from encumbrance by reason of the debts of the said Jesse Rupp. It is further claimed, on the part of Wightman, that the sale by the sheriff on the Booth judgment conveyed a good title to the purchaser, subject only to the lien of the bond and mortgage to Magaw for the purchase-money, and as a consequence that the last sale being on the judgment in favour of Magaw for the purchase-money, the purchaser takes a good title, divested of all liens, and also the title of Wightman, accruing upon the sale on the Booth judgment; and that Wightman's title being a good one, subject only to the lien of the bond and mortgage of Magaw, he, the said Wightman, is entitled to the balance of the money upon the sale, after the said bond and mortgage is satisfied.

" It is claimed on the part of McFarland & Co. that they are entitled to be paid to the amount of their judgment after the claim of Magaw is satisfied, for two reasons. First, if the property did really belong to Jesse Rupp, that the judgment of Booth having lost its lien against the property of Jesse Rupp, and their judgment being for materials purchased and labour done upon and for the improvement of the property, and with the knowledge and consent of Rupp, and being entered and becoming a lien prior to the revival of the Booth judgment, it is entitled to be paid in preference to the Booth judgment. Secondly, that the property being

[Wightman's Appeal.]

sold as the property of Mrs. Rupp at a judicial sale, that none but the creditors of Mrs. Rupp and herself are entitled to claim the fund arising upon such sale. It is also claimed on the part of Mrs. Rupp that if any balance remains after the payment of the claims of Magaw and McFarland & Co., that she will be entitled to such balance, as the fund is created by the sale of her property.

"Upon consideration of the whole matter, the auditor is of opinion that the claim of Magaw should be first paid, and the balance of the fund should be appropriated to the claim of Mc-Farland & Co., and he makes distribution accordingly."

January 3, 1857. The court confirmed the report and decreed distribution accordingly, and this was the error complained of.

*Finney* and *Douglass*, for appellant, referred to Kinney *v.* Good, 9 *Harris* 349.

*Church* and *J. W. Farrelly*, for appellees, referred to McCall *v.* Lenox, 9 *S. & R.* 302; Pierce *v.* Potter, 7 *Watts* 477; Clarke *v.* Stanley, 10 *Barr* 478.

The opinion of the court was delivered by

LOWRIE, J.—It seems to us that the simplest, and the true mode of treating this matter, is to regard McFarland & Co. as *bona fide* mortgagees of Mrs. Rupp's title, without notice of the secret title now alleged to be in Mr. Rupp; for so their claim appears in the auditor's report, which is not excepted to on this account. The result, then, is very plain, that their lien is not cut off by the subsequent discovery of this secret title. Their equity is superior to the title of Wightman.

Decree affirmed at the appellant's cost.